BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:15-MC-00038-TLN-CKD |
| Plaintiff, | CONSENT JUDGMENT OF FORFEITURE |
| v. | |
| APPROXIMATELY $34,400.00 IN U.S. CURRENCY, and | |
| APPROXIMATELY $21,013.00 IN U.S. CURRENCY, | |
| Defendants. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.     On November 18, 2014, agents with the Drug Enforcement Administration ("DEA") contacted Kyle Larson ("Larson") and Ryan Raymond ("Raymond")  at the Sacramento International Airport in Sacramento, California.  Approximately $34,400.00 in U.S. Currency was seized from Larson and Approximately $21,013.00 in U.S. Currency (hereafter, collectively "defendant currency") was seized from Raymond during this encounter.

2.     The DEA commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about February 2, 2015, the DEA received claims from Larson and Raymond asserting ownership interests in the defendant currency.

1

3. The United States represents that it could show at a forfeiture trial that on or about November 18, 2014, agents with the DEA received information regarding suspicious travel by Larson and Raymond, who were traveling on Delta Airlines from Minneapolis, Minnesota to Sacramento, California.  DEA agents responded to Sacramento International Airport and contacted Larson and Raymond.  A DEA agent located Larson on the concourse and conducted a consensual interview and search.  During the interview, Larson said he was in the carpentry business and he had traveled to Sacramento for work on "fixer-upper" homes.  During the consensual search, agents found several bank envelopes containing $34,400.00 in cash.   The interview and search of Raymond unfolded the same way as Larson.  Raymond said he travelled to Sacramento to work on houses and the $21,013.00 in cash was also found in bank envelopes.

4. The United States could further show at trial that a drug dog positively alerted to the presence of the odor of narcotics on the defendant currency.

5. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

6. Without admitting the truth of the factual assertions contained in this stipulation, Kyle Larson and Ryan Raymond specifically deny the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Kyle Larson and Ryan Raymond agree that an adequate factual basis exists to support forfeiture of the defendant currency.  Kyle Larson and Ryan Raymond hereby acknowledge that they are the sole owners of the defendant currency, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, Kyle Larson and Ryan Raymond shall hold harmless and indemnify the United States, as set forth below.

7. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

8. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

9. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Consent Judgment of Forfeiture

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

10. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

11. Upon entry of the Consent Judgment of Forfeiture, the Approximately $34,400.00 in U.S. Currency and $1,600.00 of the Approximately $21,013.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

12. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $19,413.00 of the Approximately $21,013.00 in U.S. Currency shall be returned to potential claimants Kyle Larson and Ryan Raymond through their attorney Craig E. Cascarano.

13. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant funds. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Kyle Larson and Ryan Raymond waive the provisions of California Civil Code § 1542.

14. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

15. All parties will bear their own costs and attorney's fees.

16. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

Dated: July 23, 2015

_____
Troy L. Nunley
United States District Judge

Consent Judgment of Forfeiture